UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ANIETIE EKON,

    Plaintiff,                                              CASE NO.: 4:22-cv-00246

v.

CHC INVESTORS, LLC d/b/a SEVEN HILLS
HEALTH & REHABILITATION CENTER,

    Defendant.
_____/

## COMPLAINT

Plaintiff, ANIETIE EKON, hereby sues Defendant, CHC INVESTORS, LLC d/b/a SEVEN HILLS HEALTH & REHABILITATION CENTER ("Defendant"), and alleges as follows:

### NATURE OF THE ACTION

1. This is an action brought under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2615.

2. This Court has jurisdiction over this matter pursuant the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2615 (federal question).

3. Venue is proper because all of the facts and allegations that form the basis of this Complaint occurred within the Northern District of Florida.

1

## THE PARTIES

4. At all times pertinent hereto, Plaintiff, ANIETIE EKON, has been a resident of the State of Florida and was employed by Defendant. Plaintiff is an "eligible employee" for purposes of FMLA coverage because she was employed for at least 12 months by the employer and she provided at least 1,250 hours of service in the 12 months immediately preceding her need for leave.

5. Defendant, CHC Investors, LLC d/b/a Seven Hills Health & Rehabilitation Center, has been an "employer" as that term is used under the applicable laws identified above.

## STATEMENT OF FACTS

6. Prior to her unlawful termination, Ms. Ekon had worked for Defendant as a Staff Nurse since 2005, having never been the subject of disciplinary action.

7. On May 8, 2022, while about to start the second half of a double shift, Ms. Ekon started to experience chills, shaking and felt as though her blood pressure was elevated.

8. Patrice, the weekend supervisor, and nurse Jennifer Lawrence checked Ms. Ekon's blood pressure and it was indeed extremely elevated. Patrice notified Defendant's House Supervisor via telephone that Ms. Ekon would not be able to finish her shift.

9. With Defendant's knowledge, Ms. Ekon left work and presented to HCA Florida Capital Hospital ("HCA"), where she was admitted for five (5) days for treatment of a blood infection, sepsis, that required IV antibiotics.

10. Knowing that she was scheduled to work on May 11, 2022, and May 12, 2022, Ms. Ekon phoned Defendant from HCA on May 10, 2022, at around 3:00 p.m., to alert her supervisors that she would not be able to report for work.

11. The first three (3) times Ms. Ekon phoned Defendant, she was intentionally hung-up on, after which she was finally able to reach the front desk and asked to speak with the Staffing Coordinator.

12. Ms. Ekon was told that the Staffing Coordinator was out of the office but that Cassandra in medical records was overseeing the Staffing Coordinator's job duties for the day. When transferred to medical records, the phone again cut-off on Ms. Ekon.

13. Still quite ill, Ms. Ekon continued her attempts to report her upcoming absences to Defendant and finally left a message with the front desk that she would not be at work on May 11 and May 12, 2022, as a result of her admission to HCA.

14. On May 13, 2022, immediately upon her discharge from HCA, Ms. Ekon reported to work to submit medical documentation in support of her FMLA leave, at which time she was told by Defendant's Payroll Coordinator that she would indeed be paid out sick/PTO time for her medical absences.

15. While providing her medical documentation, Ms. Ekon informed the Payroll Coordinator that she would also need to be out that day (May 13, 2022) as she still had a midline IV in her arm for administration of antibiotic medications; the Payroll Coordinator confirmed that she would inform the appropriate supervisor.

16. The next day on which Ms. Ekon was scheduled to work was May 20, 2022, so she had no reason to report for work between May 13, 2022, and May 19, 2022.

17. On or around May 19, 2022, as a result of her serious episode of sepsis, Ms. Ekon was instructed by her Physician, Philbert J. Ford, M.D., to recover at home for two (2) weeks after her discharge from HCA, continuing IV antibiotics.

18. Also on May 19, 2022, Dr. Ford gave Ms. Ekon a note excusing her from work until May 26, 2022; on the same day, Ms. Ekon took the note to Defendant to report that she would require additional leave, pursuant to the FMLA, to recover from her illness.

19. When Ms. Ekon presented to Defendant's Payroll Coordinator with her medical note, she was told that she had been terminated, effective May 11, 2022, for failing to report to work and she was shown a letter indicating the same.

20. This letter was in direct contradiction with what Ms. Ekon was told when she submitted her medical documentation to the Payroll Coordinator on May

13, 2022, that she would in fact be paid sick/PTO time for her medical absences; there was no mention of termination.

21. Prior to her unlawful termination, Ms. Ekon had worked for Defendant for 17 years without incident. Plaintiff believes that she was terminated in retaliation for absences that should have been covered by the FMLA and in an attempt to interfere with her rights to take FMLA protected leave.

22. Plaintiff has retained the undersigned to represent her interests in this cause and is obligated to pay a fee for her services. Defendant should be made to pay said fees under the laws applicable to this action.

### COUNT I- RETALIATION AND UNLAWFUL INTERFERENCE PURSUANT TO THE FAMILY MEDICAL LEAVE ACT RIGHTS IN VIOLATION OF 29 U.S.C. § 2615

23. Paragraphs 1-22 are re-alleged and incorporated herein by reference.

24. The Defendant engaged in commerce or other industry or activity affecting commerce and employed fifty (50) or more employees for each working day during the twenty (20) or more calendar work weeks in the current or preceding calendar within seventy-five (75) miles of where Plaintiff was employed. The Defendant is an employer under the Family Medical Leave Act ("FMLA").

25. Plaintiff was an eligible employee under the FMLA to receive time off for a serious health condition or illness.

26. Plaintiff notified defendants of her serious health condition or illness and the need to take leave under the FMLA. Plaintiff engaged in protected activity when she requested and took leave to obtain care for her serious health condition or illness.

27. Defendant, retaliated against Plaintiff for requesting and taking leave she was entitled to take under the FMLA and interfered with Plaintiff's right to take FMLA leave by terminating her employment.

28. Defendant knew and was aware that Plaintiff exercised the rights secured to her by the FMLA due to her serious health condition and her need for leave.

29. Defendant took adverse action against Plaintiff in bad faith for exercising her rights under the FMLA in violation of 29 U.S.C. Section 2615.

30. As a result of Defendant's willful violations of the FMLA, Plaintiff is entitled to equitable relief pursuant to the FMLA.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief, which is applicable to all counts:

(a) that process issue and this Court take jurisdiction over this case;

(b) enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

(c) enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs;

(d) awarding all damages available under law for each count enumerated herein; and

(e) grant such other further relief as being just and proper under the circumstances.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues set forth herein which are so triable.

Respectfully submitted this 8th day of July 2022.

/s/ Tiffany R. Cruz
TIFFANY R. CRUZ
Florida Bar No.: 090986
KEVIN C. KOSTELNIK
Florida Bar No.: 0118763

**Cruz Law Firm, P.A.**
411 N. Calhoun St.
Tallahassee, FL 32301
850-701-8838
tiffany@tiffanycruzlaw.com
kevin@tiffanycruzlaw.com
meredith@tiffanycruzlaw.com
parker@tiffanycruzlaw.com

COUNSEL FOR PLAINTIFF